IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 5, 2009

Charles R. Fulbruge III
Clerk

No. 08-10423
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

TIMOTHY JAY KING

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:05-CR-59-ALL

Before SMITH, STEWART and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Timothy Jay King originally pleaded guilty to passing counterfeit postal money orders and was sentenced to 12 months of imprisonment and three years of supervised release. The Government subsequently filed a motion to revoke supervised release. After a preliminary and a final revocation hearing, the district court found that King violated a condition of his supervised release by possessing cocaine. The district court also found that King violated the condition of his supervised release by failing to participate fully in the substance abuse

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

treatment program at the V.A. Hospital and revoked King's supervised release. The district court sentenced King to 24 months of imprisonment and one year of supervised release.

King argues that the district court plainly erred in considering probation officer Joe King's hearsay testimony regarding the revocation of his medical release. He argues that the consideration of the hearsay likely affected the district court's finding that he had failed to participate fully in the treatment program and clearly affected the district court's decision to sentence him above the advisory guideline range.

King did not object to the use of hearsay testimony, and so review is for plain error. See United States v. Alaniz-Alaniz, 38 F.3d 788, 791 (5th Cir. 1994). The revocation of supervised release implicates fundamental liberty interests and entitles the releasee to the procedural due process protections set forth in Morrissey v. Brewer, 408 U.S. 471, 488-89 (1972). See Gagnon v. Scarpelli, 411 U.S. 778, 782-86 (1973); FED. R. CRIM. P. 32.1(b)(2). King's argument focuses on the balancing test employed by this court in determining whether confrontation of a witness at a revocation hearing is required. A defendant in a supervised release revocation proceeding has the right to confront and cross-examine adverse witnesses unless the district court specifically finds, after applying a balancing test, that there is good cause for not allowing confrontation. United States v. McCormick, 54 F.3d 214, 221 (5th Cir. 1995).

King admitted and pleaded true to the allegation that he possessed and used cocaine on numerous occasions. If a defendant on supervised release possesses a controlled substance during the period of supervised release, the district court is required to revoke supervised release and impose a term of imprisonment. 18 U.S.C. § 3583(g); McCormick, 54 F.3d at 219 n.5. Based on King's guilty plea to violating this condition of supervised release, the district court was required to revoke supervised release, regardless of the admission of

hearsay testimony relating to another condition, and making the balancing test irrelevant.

As for the sentence, the district court listed several reasons for imposing a term of imprisonment above the advisory guideline range of 6 to 12 months of imprisonment: that King had not paid his fine, had not paid his restitution, had continued to use drugs, had "played games" with regard to the drug program, and did not take the court's orders seriously. King himself testified that he revoked his medical release and that his original probation officer, Chris Dobbe, had told him that this was not proper. Additionally, the district court had heard the testimony of Dobbe at the preliminary hearing, at which time King had the opportunity to cross-examine Dobbe about the circumstances surrounding the signing and revoking of King's medical release. King has not shown plain error. See Alaniz-Alaniz, 38 F.3d at 791-92.

AFFIRMED.